UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FORTEZZA ENTERPRISES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-CV-1916-B |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2004-R12, | § § § § § § § | |
| | § | |
| Defendant, | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Deutsche Bank National Trust Company's Motion for Summary Judgment (Doc. 29). For the following reasons, the Court **GRANTS** the Motion.

### I.

### BACKGROUND[1]

This is a mortgage case concerning a foreclosure sale of property located at 213 Saddlebrook Drive, Garland, TX (the Property). Doc. 1, Removal Notice ¶ 1; Doc. 1-3, Ex. C, Original Pet. ¶ 8. On December 4, 2004, Mark T. Phillips and Robin A. Phillips (the Borrowers or the Phillipses) executed a Texas Home Equity Note (the Note), payable to Ameriquest Mortgage Company (Ameriquest), for $198,400.00, and a Texas Home Equity Security Instrument (the Security

---

[1] The Court takes its factual account from the uncontested facts contained in the summary judgment record. Any contested fact is identified as the allegation of a particular party.

- 1 -

Instrument), granting Ameriquest a security interest in the Property. Doc. 30, Def.'s Mot. Summ. J. App. at 8–10, 12–30 [hereinafter App.]. Then, on October 12, 2010, Deutsche Bank National Trust Company (Deutsche), as trustee for Ameriquest, accelerated the Note when the Phillipses failed to make their required payments. *Id.* at 100.

About six months later, Robin A. Phillips deeded the Property to Bormio Investments, Inc. *Id.* at 105. But Plaintiff Fortezza Enterprises, Inc. (Fortezza) claims it owns an interest in the Property. Doc. 1-3, Ex. C, Original Pet. ¶ 10; Doc. 30, App. at 98, 100. Deutsche disagrees, claiming that the Warranty Deed Fortezza offers to establish its purported ownership interest demonstrates only that the Phillipses deeded the Property to "Bormio Investments, Inc." *See* Doc. 29, Def.'s Br. at 6.

In any event, in March 2013, Deutsche started to send the Phillipses monthly statements, through its servicer, seeking overdue payments—though not the total unpaid principal balance on the loan. Doc. 30, App. at 32–33. Deutsche continued sending those statements through February 2014, and, according to Deutsche, the Phillipses continued to fail to make the required payments.[2] Doc. 29, Def.'s Br. at 3; Doc. 30, App. at 34–54. It was during this period, on October 7, 2013, that Deutsche sent the Phillipses a new notice of default and an intent to accelerate, now demanding the balance of the unpaid monthly payments on the loan—$139,405.70. Doc. 30, App. at 56–67. Six months later, on April 2, 2014, Deutsche sent the Phillipses another notice, claiming the loan was in default and again demanding the full balance—$154,020.62—to cure. *Id.* at 69–80. Finally, on May 8, 2014, Deutsche reaccelerated the Note once more, and, on May 5, 2015, sold the Property

---

[2] Except in January 2014, for some unexplained reason.

at a foreclosure sale. *Id.* at 82–92, 108–13.

Immediately before the sale, Fortezza sued Deutsche in Dallas County Court, seeking a declaratory judgment that the Security Instrument and lien on the Property were void due to Section 16.035 of the Texas Civil Practice and Remedies Code's four year statute of limitations. Doc. 1-3, Original Pet. ¶¶ 11–16; Doc. 29, Def.'s Br. at 1, 5. On June 6, 2015, Deutsche removed the case to this Court, Doc. 1, Removal Notice, and, on March 17, 2016, moved for summary judgment. Doc. 28, Def.'s Mot. for Summ. J. Fortezza never replied to that Motion. *See* Doc. 31, Notice of Non-Filing. Accordingly, Deutsche's Motion is ripe for review.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant ultimately bears the burden of proof at trial, however, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325).

In determining whether a genuine issue exists for trial, the court will view all of the evidence in the light most favorable to the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). But the non-movant must produce more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1076.

If a party fails to respond to a summary judgment motion, it is relegated to its unsworn pleadings, which are not summary judgment evidence. *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assoc.*, 929 F.2d 160, 165 (5th Cir. 1991)). While this does not permit the Court to enter a "default" summary judgment, it does allow it to accept the movant's evidence as undisputed. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *see also Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (holding a party opposing summary judgment is required to identify specific evidence in the record and articulate the precise manner in which that evidence supports its claim).

## III.

## ANALYSIS

A.   *The Standing Issue*

Deutsche first argues that, statute of limitations aside, Fortezza has no standing to bring this suit. Doc. 29, Def.'s Br. at 5. In support, it points to the fact that, though Fortezza says it obtained an ownership interest in the Property through a Warranty Deed, the documentary evidence suggests otherwise. *Id.* at 6 (citing Doc. 1-2, Original Pet. ¶ 10; Doc. 30, App. at 100). That evidence, Deutsche contends, shows only that the Phillipses deeded the Property to an entity called "Bormio Investments, Inc." *Id.* (citing Doc. 30, App. at 105–06). The Warranty Deed bears out Deutsche's

assertion.

Standing under Article III requires plaintiffs to "demonstrate a 'personal stake' in the suit." *Camreta v. Greene*, 131 S. Ct. 2020, 2028 (2011) (quoting *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1148–1149 (2009)). To establish such a personal stake for purposes of Article III standing, "a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)) (brackets in original).[3] Fortezza cannot do this.[4]

The Court finds that the Warranty Deed does not demonstrate Fortezza has an ownership interest in the Property. *See* Doc. 30, App. at 105–106. At best, it shows "Bormio Investments, Inc." may have an ownership interest. Accordingly, without any evidence demonstrating that "Bormio Investments, Inc." is a name under which Fortezza does business, there is nothing that would show Fortezza has sustained any "injury in fact" as a result of the foreclosure sale. Without more, then, the Court finds that Fortezza has no standing to pursue this suit.

B.     *The Statue of Limitations Issue*

Assuming *arguendo* that Fortezza does have standing to sue here, the Court takes up Deutsche's second argument: that the statute of limitations on the Note has not actually run, and

---

[3] Deutsche cites Texas' justiciability doctrine in order to demonstrate that Fortezza lacks standing. S*ee* Doc. 29, Br. at 5 (citing *Gonzales v. Dallas Cnty. Appraisal Dist.*, No. 05–13–01658–CV, 2015 WL 3866530, *2 (Tex. App.—Dallas June 23, 2015)). This is the wrong standard. Even for cases removed to federal court—at least under 28 U.S.C. § 1441, like this one, *see* Doc. 1, Removal Notice 6—the federal justiciability standard applies. *See Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1000–02 (9th Cir. 2001) (dismissing claim in diversity suit because plaintiff failed to demonstrate standing under federal test).

[4] Because Fortezza never responded to Deutsche's summary judgment motion, the Court will accept Deutsche's evidence as undisputed. *See Eversley*, 843 F.2d at 174; *Ragas*, 136 F.3d at 458.

so Fortezza's request for a declaratory judgment that the Security Instrument and lien are invalid should be denied. *See* Doc. 1-2, Original Pet. ¶ 14; Doc. 29, Br. at 7. This is the case, Deutsche says, because, even though it accelerated the Note in 2010, it abandoned that acceleration, meaning (1) the contract was restored to its original condition, (2) the Note was restored to its original maturity date, and (3) the noteholder was no longer required to foreclose within four years from the acceleration date. Doc. 29, Br. at 7 (citations omitted). The Court agrees with Deutsche.

"Under Texas law, a secured lender must foreclose on its 'real property lien not later than four years after . . . the cause of action accrues.'" *Rivera v. Bank of Am., N.A.*, 607 F. App'x 358, 360 (5th Cir. 2015) (citing Tex. Civ. Prac. & Rem. Code § 16.035(a)). "If the 'deed of trust secured by real property contains an optional acceleration clause, default does not [of itself] start limitations running on the note. Rather, the action accrues only when the holder actually exercises its option to accelerate.'" *Id.* (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001)). But "if a noteholder abandons acceleration, it no longer must foreclose within four years from the date of acceleration." *Cline v. Deutsche Bank Nat. Trust Co.*, 3:14-CV-1565, 2015 WL 4041791, at *5 (N.D. Tex. July 2, 2015). "[A] noteholder may . . . abandon acceleration by . . . providing account statements seeking less than the full accelerated amount and mailing new notice-of-intent-to-accelerate letters."[5] *Id.* (citations omitted). It may do this unilaterally. *Id.*

The record shows Deutsche abandoned its initial acceleration. After the 2010 acceleration, *see* Doc. 30, App. at 100, Deutsche sent the Phillipses a number of account statements seeking less than the full accelerated amount. *Id.* at 31–54. It also mailed new notice of default and intent to

---

[5] This is but one of several ways in which a noteholder can abandon acceleration.

accelerate letters on October 7, 2013, April 2, 2014, and May 8, 2014. *See id.* at 56–67, 68–80, 81–92. Thus, by "providing account statements seeking less than the full accelerated amount and mailing new notice-of-intent-to-accelerate letters," Deutsche abandoned the 2010 acceleration. *See Cline*, 2015 WL 4041791, at *5. Because Deutsche's last notice of default and intent to accelerate letter came on May 8, 2014, *see* Doc. 30, App. at 81–92, it had until May 8, 2018, to foreclose under the Note. *See* Tex. Civ. Prac. & Rem. Code § 16.035(a). Deutsche foreclosed on May 5, 2015—well within that time frame. Doc. 29, Br. at 3 (citing Doc. 30, App. at 109–113). Accordingly, even if Fortezza does have standing to bring this action, its request for a declaratory judgment stating the statute of limitations has run on Deutsche's ability to foreclose is meritless and must be denied.

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Deutsche's Motion for Summary Judgment as to all of Fortezza's claims.

**SO ORDERED.**

**SIGNED: June 8, 2016**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE